1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALTON A. KING,

          Petitioner,

  v.

DERRAL G. ADAMS, et al.,

          Respondents.
_____/

No. C 11-2792 SI

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR STAY AND ABEYANCE**

     Alton A. King, an inmate at the California State Prison at Corcoran, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. King's petition is a "mixed" petition; it contains six claims that King exhausted on direct appeal and three claims that King has yet to exhaust through collateral review.[1] This Court may not adjudicate a mixed petition, and ordinarily would be required to dismiss the petition until all of its claims have been exhausted. *See Rose v. Lundy*, 455 U.S. 509 (1982). In his petition, however, King requested that the Court allow him to utilize the stay-and-abeyance procedure of *Rhines v. Webber*, 544 U.S. 269 (2005), to finish exhausting his claims. Under *Rhines*, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008).

     On July 5, 2011, the Court issued an Order on Initial Review of King's request to stay this

---

[1] The unexhausted claims are for (1) ineffective assistance of counsel for failure to seek relief for juror misconduct; (2) ineffective assistance of counsel for failure to call the initial investigator to show the molestations began after one victim turned 15; and (3) prosecutorial and law enforcement misconduct for overreaching or coercing victims to change the date of commencement of the molestations.

United States District Court
For the Northern District of California

1   action. The Court found that King had not provided good cause to grant his motion, and ordered him

2   to file a formal motion to stay and "fully explain the circumstances that constitute 'good cause' for his

3   failure to fully exhaust his habeas petition." Doc. 2, July 5, 2011 Order at 2.

4       King, who is represented by counsel, filed a declaration and motion for abeyance of action on

5   August 18, 2011. Respondents filed an opposition to that motion on January 11, 2012.

6       King's motion argues that law enforcement authorities,

7           twice interviewed the victims prior to the preliminary hearing and determined
            that the alleged molestations commenced while alleged victim C.T. was over
8           fourteen years of age. Specifically, pre-prelim statements of alleged that [sic]
            victims C.T. and D.T. indicated that the claimed molestations commenced in
9           1995. C.T. was born on January 20, 1980. However, at the preliminary
            hearing, alleged victim C.T. testified to facts indicating that the alleged
10          molestations commenced in 1993. This was the first time victim C.T. proffered
            such facts.

11  Pet.'s Mot. at 1. King argues that the changed facts "call into question the accuracy of the alleged

12  commencement date of the purported molestations," and may be evidence of "overreaching or

13  misconduct by law enforcement." *Id.* at 2.

14      These allegations go to the merits of King's claim, which is the second prong of the required

15  showing to stay. *See Wooten*, 540 F.3d at 1023. However, they do not state a claim for good cause as

16  to why he did not exhaust his claims on direct appeal. The allegations are all related to pre-trial and trial

17  activity that King would have been aware of at the time of appeal. He does not explain why he did not

18  raise the issues then, other than a statement that his claims are "very difficult to prove unless the relevant

19  witnesses are examined under oath." Pet.'s Mot. at 2-3. This is not a sufficient explanation to show

20  good cause for failure to exhaust. *See Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th. Cir 2008)

21  (commonplace excuses cannot suffice as good cause because stay and abeyance procedures would

22  become routine, in violation of *Rhines*). Accordingly, plaintiff's motion is DENIED.[2]

23      Both parties agree that the proper procedure following this ruling would be to strike the

24

25          [2]Though King does not raise it, there is an alternative method by which a petitioner may receive
    a stay and abeyance, as outlined in *King v. Ryan*, 564 F.3d 1133, 1134 (9th Cir. 2009). Instead of
26  showing good cause as under *Rhines*, the petitioner must show that the unexhausted claims share a
    "common core of operative facts" with the exhausted claims. *Id.* at 1141-43. Here, the unexhausted
27  claims relate to the date of the alleged activity (and the credibility of one witness thereto), and do not
    share common facts with the six exhausted claims. This avenue of relief is therefore unavailable as
28  well.

unexhausted claims from the habeas petition and proceed on the exhausted claims only.  The Court agrees, and so STRIKES the three unexhausted claims.

Respondents' answer is due by April 2, 2012.

**IT IS SO ORDERED.**

Dated: March 5 , 2012

_____
SUSAN ILLSTON
United States District Judge

**United States District Court**
For the Northern District of California